**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARRYL ALLMOND

    Plaintiff,

vs.                                                           CASE NO. 3:08-cv-486-J-34TEM

DUVAL COUNTY, LORELIE PAPEL,
RICHARD W. MANTEI, et al.,

    Defendants.

_____

**O R D E R**

This matter is before the Court on Defendants Lorelie Papel, Richard W. Mantei, and Duval County's ("Defendants") motions for relief from case management reporting requirements and for stay of discovery (Docs. #22 and #23).[1] The same Defendants have also filed dispositive motions to dismiss (Docs. #4 and #21). The aforementioned motions to dismiss are currently pending before the District Court. For the reasons that follow, Defendants' instant motions shall be **GRANTED in part**.[2]

Defendants argue in their respective motions (Docs. #22 and #23) that discovery should be stayed until the Court rules on the pending motions to dismiss (*see* Docs. #22 at 2 and #23 at 3).

While the Federal Rules of Civil Procedure provide for the appropriate filing of motions seeking court intervention in discovery matters, the overall purpose of discovery

---

[1] On September 30, 2008, the parties filed a Case Management Report (Doc. #27). Accordingly, Defendants' motion for relief from case management reporting requirements shall be denied as moot.

[2] The substantive arguments contained within Defendants' respective motions (Docs. #22 and #23) are essentially the same; therefore, the Court will analyze and consider the instant motions concurrently.

under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts and, therefore, embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention. Motions to stay discovery may be granted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; however, the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (*citing Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985)).

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is within a court's discretion to stay discovery until the court has ruled on a dispositive motion to dismiss. Courts "must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Feldman*, 176 F.R.D. at 652. In addition, discovery may be stayed in order to determine the dispositive issue of immunity of government officials. *Id.* Moreover, a plaintiff's litigious history may be considered when determining whether or not a lawsuit is frivolous. *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001).

Defendants indicate that, in compliance with Local Rule 3.01(g), counsel for Defendants attempted to contacted Plaintiff with regards to the instant motions; however,

Plaintiff was unavailable (Docs. #22 at 3 and #23 at 3). To date, Plaintiff has yet to file any responses in opposition to the motions.[3]

Local Rule 3.01(b) provides: "Each party opposing a motion or application shall file within ten (10) days after service of the motion or application *a* response that includes a memorandum of legal authority in opposition to the request. . . ." Plaintiff has been advised by the Court of the procedural rules with which he must comply (*see* Doc. #10). Specifically, in an Order regarding *pro se* litigants, the Court advised that "Plaintiff must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court may assume that Plaintiff does not oppose that motion and any relief requested therein" (Doc. #10 at 1-2). Since no responses in opposition have been filled, the Court will treat the motions as unopposed. In addition, the Court finds the requisite good cause exists to grant the motions as stated herein.

In the instant case, Defendants allege, *inter alia*, that this action is frivolous and that Defendants have governmental immunity (*see* Docs. #4 and #21). Additionally, Defendants point out that this Court has previously found Plaintiff to be a "prolific litigator," and that, in all the prior actions filed by Plaintiff in this Court, Plaintiff has not survived the motion to dismiss stage of the proceedings (Doc. #23 at 3). *See Allmond v. City of Jacksonville, et. al.*, No. 3:06-cv-789-J-25MCR (M.D. Fla. Sep. 5, 2006) (Doc. #63 at 3). Defendants also make the cogent argument that, in light of Plaintiff's history of filing frivolous lawsuits, Defendants should not be required to expend taxpayer money and precious government

---

[3] The motions were filed on August 21, 2008 and August 27, 2008, respectively; therefore, any responses in opposition would have been due on or before September 8, 2008 and September 15, 2008, respectively. Although Defendants note that Plaintiff informed them that he would be unavailable until September 15, 2008 (*see* Doc. #23 at 3), as of the date of this Order, Plaintiff has had ample time to respond to the instant motions.

resources by proceeding with discovery until the dispositive motions to dismiss have been resolved by this Court (Doc. #23 at 3).

Based on the foregoing, the Court finds the requisite good cause exists for entry of a stay of discovery.  Accordingly the Court shall grant, in part, the instant motions (Docs. #22 and #23) insofar as those motions relate to the entry of a stay of discovery.

Upon due consideration, it is hereby **ORDERED**:

1. Defendants Papel and Mantei's motion for relief from case management reporting requirements contained within Document #22 is **DENIED as moot**.

2. Defendant Duval County's motion for relief from case management reporting requirements contained within Document #23 is **DENIED as moot**.

3. Discovery shall be **stayed for sixty (60) days** from the date of this Order. **Should either of the pending dispositive motions to dismiss (Docs. #4 and #21) be denied, discovery shall commence forthwith with regards to the appropriate parties**.

**DONE AND ORDERED** at Jacksonville, Florida this  5th  day of November, 2008.

Copies to all counsel of record
and *pro se* parties

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge