**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DARRYL ALLMOND,

    Plaintiff,

vs.                                                        CASE NO. 3:08-cv-486-J-34TEM

DUVAL COUNTY, et al.,

    Defendants.
_____

## O R D E R

This matter is before the Court on non-party movant, Agency for Health Care Administration's ("AHCA"), Motion to Quash Subpoena (Doc. #44), Defendant, State of Florida Department of Health's ("FDOH"), Amended Motion for Relief From Case Management Reporting Requirements and Stay of Discovery (Doc. #77), Defendant, Nelson Aguilar's ("Mr. Aguilar"), Motion for Relief From Case Management Reporting Requirements and Stay of Discovery (Doc. #85), Duval County's Motion for Relief From Case Management Reporting Requirements and for Stay of Discovery (Doc. #88), *pro se* Plaintiff, Darryl Allmond's ("Plaintiff"), Motion for Entry of Default Against Duval County Departmen [sic] of Health (Doc. #82), and the respective responses in opposition thereto (Doc. #68; Doc. #81; Doc. #84).

A hearing on the aforementioned motions was held on August 13, 2009 (Doc. #92, Minutes). At which, Defendants appeared and argued their respective positions. Plaintiff, however, did not appear at the hearing. Consequently, the Court entered an Order to Show Cause (Doc. #91) as to why Plaintiff failed to appear. On August 25, 2009, Plaintiff responded to the Show Cause Order and stated that he did not appear at the hearing

because he was incarcerated (Docs. #93 and #95). Pursuant to the aforesaid, the Court scheduled a telephonic hearing in order to allow Plaintiff to present argument with respect to the instant motions.[1] Said telephonic hearing was held before the undersigned on February 3, 2010 (Doc. #105, Minutes). At the hearing, Plaintiff appeared by telephone and presented argument (Doc. #105).

For the reasons stated herein, and on the record at the hearing, the resolution of the instant motions shall be as follows: (1) AHCA's Motion to Quash Subpoena (Doc. #44) shall be deemed moot; (2) Defendants' respective motions to stay discovery pending the resolution of the outstanding motions to dismiss (Docs. #77, #85, and #88) shall be granted to the extent provided for herein; and (3) Plaintiff's Motion for Entry of Default Against Duval County Departmen [sic] of Health (Doc. #82) shall be stricken from the record.

On March 19, 2009, non-party movant, AHCA, filed a motion to quash a medical records subpoena that it believed was issued to it by Plaintiff (Doc. #44). AHCA objected to the subpoena on the grounds that the subpoena requested information that is confidential pursuant to 42 C.F.R. 431.300-07 (Doc. #61 at 2). No response in opposition by Plaintiff was ever filed. Consequently, on May 26, 2009, the undersigned entered an Order (Doc. #61) granting as unopposed the motion to quash the subject subpoena (Doc. #44).

Thereafter, on June 10, 2009, Plaintiff filed an objection to the undersigned's Order granting the Motion to Quash Subpoena (Doc. #68), noting that the certificate of service accompanying the Motion to Quash Subpoena did not verify that the motion had been

---

[1]Plaintiff is currently residing in St. Lucia (*see* Docs. #101 and #105).

served upon Plaintiff (Doc. #68 at 1; *see* Doc. #44 at 2). Plaintiff stated that defense counsel, Mr. William B. Burkett, Esq. ("Mr. Burkett"), issued the subpoena (not Plaintiff); therefore, the motion was filed inappropriately (Doc. #68 at 1-2).

At the first motion hearing, it was resolved that the Motion to Quash Subpoena (Doc. #44) was due to be denied as moot because Mr. Burkett has since obtained the medical records that were sought by the subpoena at issue (Doc. #92, Minutes). Plaintiff, however, in his response requests that the Court grant him the "paralegal fees" that were associated with filing the response (Doc. # 68 at 2). Plaintiff is proceeding *pro se.* Directly below his name on the signature line of his response in opposition to the motion to quash subpoena, Plaintiff wrote the word "paralegal" (Doc. #68 at 2). Ostensibly, Plaintiff desires that he be paid as a paralegal for responding to the instant motion to quash the subpoena (*see* Doc. #68 at 2). Plaintiff cites no authority to support the notion that he is entitled to such relief, and the Court is aware of none. Thus, Plaintiff's request for paralegal fees shall be denied. In addition, as the instant motion appears to have been inadvertently filed by a non-party, the Court shall deny Plaintiff's request for the costs associated with filing a response thereto.

Regarding the instant motions to stay discovery (Docs. #77, #85, and #88), Defendants request that the Court stay all discovery until such time as the pending dispositive motions to dismiss Plaintiff's second amended complaint (Doc. #55) have been ruled upon by the District Court (*see* Docs. #77, #85, and #88). As set forth more fully below, the Court finds the motions for entry of a stay of discovery are due to be granted, in part.

The Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida provide for the appropriate filing of motions seeking court intervention in discovery matters. Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch, Inc. v. E.I. DuPont De Nemours & Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd* on other grounds, 99 F.3d 363 (11th Cir. 1996).

While motions to stay discovery may be granted pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (*citing Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985)).

Here, Defendants argue that discovery should be stayed in this instance because, *inter alia*, the pending motions to dismiss are based on facial challenges to Plaintiff's second amended complaint; therefore, the granting of the motion could dispose of the entire action (*see* Docs. #77, #85, and #88).

A request to stay discovery pending the resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case. *Feldman*, 176 F.R.D. at 652. Consequently, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53.

A preliminary peek at the pending motions to dismiss (Docs. #56, #74, and #83) reveals Defendants have raised meritorious challenges to the legal sufficiency of the

complaint in its entirety, although the undersigned would note that he expresses no opinion as to the ultimate merits of either Defendants' challenges or Plaintiff's second amended complaint as pled.

In circumstances such as this, the Eleventh Circuit has instructed that:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (*footnote and citation omitted*); *see also Moore v. Potter*, 141 Fed. Appx. 803, 807 (11th Cir. 2005) (finding no error in the district court's imposition of a stay pending the resolution of a motion to dismiss based on facial challenges to the complaint).[2]

In addition, Defendant Duval County points out that Plaintiff is a prolific litigator and that, in most of the actions filed by Plaintiff in this Court, he has not survived the motion to dismiss stage of the proceedings (Doc. #88). *See e.g. Allmond v. State of Florida Department of Children and Families, et al.*, No. 3:04-cv-1079-J-32TEM (M.D. Fla. Oct. 8, 2004) (Doc. #43); *Allmond v. Jacksonville Internal Affairs Dept., et al.*, No. 3:05-cv-441-J-25TEM (M.D. Fla. May 16, 2005) (Doc. #74); *Allmond v. City of Jacksonville, et al.*, No. 3:06-cv-798-J-25TEM (M.D. Fla. Sept. 5, 2006) (Doc. #63); *Allmond v. City of Jacksonville, et al.*, No. 3:07-cv-1139-J-33TEM (M.D. Fla. Dec. 4, 2007) (Doc. #32).

Indeed, this Court has found a plaintiff's litigation history to be relevant when determining whether to stay discovery pending the resolution of a motion to dismiss based

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

on facial challenges. *Moore v. Shands Jacksonville Medical Center*, No. 3:09-cv-298-J-34TEM, 2009 WL 4899400, at *2 (M.D. Fla. Dec. 11, 2009).

In deciding whether to stay discovery pending resolution of a motion to dismiss, however, the Court must additionally balance the harm that might be produced by a delay in discovery against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery. *Feldman*, 176 F.R.D. at 652. This involves weighing the likely costs and burdens of proceeding with discovery. *Id.*

The Court does not find Plaintiff would be prejudiced by a brief delay of discovery at this juncture. For instance, at the telephonic hearing, Plaintiff stated that he intends to remain outside of the United States (in St. Lucia) until November 2010 (Doc. #105). Moreover, the Court would note that, on December 28, 2009, Plaintiff filed a motion to continue the case until such time as he returned to the United States (Doc. #101). The District Court, however, denied this motion without prejudice for Plaintiff's failure to comply with the Local Rules of this Court (Doc. #103).

Based on the foregoing, the Court finds good cause for entry of an Order staying discovery in this matter for a period of ninety (90) days.

With respect to Plaintiff's Motion for Entry of Default Against Duval County Departmen [sic] of Health (Doc. #82), the Court would note that the Duval County Health Department is not a party to the action. Since the Duval County Health Department has not been provided service of process in this action, a Clerk's default cannot be entered against it. To the extent Plaintiff's motion could be construed to apply to any other party, the Court would note that all Defendants have appeared to defend the action. Accordingly, said motion shall be stricken from the record.

Based on the foregoing, it is hereby **ORDERED**:

1. Non-party movant, Agency for Health Care Administration's, Motion to Quash Subpoena (Doc. #44) is **DEEMED MOOT**.

2. Defendant, State of Florida Department of Health's, Amended Motion for Relief From Case Management Reporting Requirements and Stay of Discovery (Doc. #77) is **GRANTED, in part**.

3. Defendant, Nelson Aguilar's, Motion for Relief From Case Management Reporting Requirements and Stay of Discovery (Doc. #85) is **GRANTED, in part**.

4. Duval County's Motion for Relief From Case Management Reporting Requirements and for Stay of Discovery (Doc. #88) is **GRANTED, in part**.

5. Discovery shall be stayed for a period of **NINETY (90) DAYS** from the date of this Order.

6. The parties shall be excused from any additional case management reporting requirements for a period of **NINETY (90) DAYS** from the date of this Order.[3]

7. Plaintiff's Motion for Entry of Default Against Duval County Departmen [sic] of Health (Doc. #82) shall be **STRICKEN** from the record.

---

[3] A Case Management Report was filed on June 10, 2009 (Doc. #67). Thereafter, the District Court entered a Case Management and Scheduling Order (Doc. #69).

**DONE AND ORDERED** at Jacksonville, Florida this  9th  day of February, 2010.

Copies to all counsel of record
and *Pro Se* Plaintiff

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge